*C. L. Glessner,* contra.

---

## DAVIS-ZIRKLE LUMBER COMPANY *v.* WILLIAMS.

1. Where two cases are pending, in both of which the plaintiff and the defendant are the same parties, and over the objection of the defendant an order is granted consolidating the two cases and requiring them to be tried together, the party objecting to such order should, in order to have it reviewed, except directly to the same, and he can not make the alleged error in the granting of the order the basis of a ground in a motion for a new trial.

2. Error is assigned upon the following charge of the court: "Now, gentlemen, because the facts involved in these two suits were so largely the same, and because the evidence to be submitted in both cases would be largely the same, I directed that the cases be consolidated and tried before you together, and that is the reason why both cases have been presented to you as one case." This is excepted to upon the ground that it was not authorized by the pleadings or the evidence; that it was an expression of opinion by the court as to the facts involved in the two suits and the evidence to be submitted therein; and it did not state

Actions, 1 C. J. p. 1133, n. 32; p. 1136, n. 8.

New Trial, 29 Cyc. p. 771, n. 83; p. 792, n. 25; p. 827, n. 45; p. 875, n. 43; p. 1008, n. 48; p. 1009, n. 54.

Trial, 38 Cyc. p. 1756, n. 91, 92.

the law relative to the consolidation of cases. This was not such an expression of opinion by the court as requires the grant of a new trial. The court was not expressing or intimating any opinion as to what had or had not been proved, but was merely informing the jury as to why the two cases had been submitted to one jury at one and the same time.

3. There is no merit in the assignment of error upon the failure of the court to "charge the jury the correct principle of the law of Georgia relative to the consolidation of cases." Whether cases should be consolidated is a question of law, and should be decided by the court.

4. The court, after ruling in the evidence of a witness for the defendant as to conversations with the husband of the plaintiff, relating to the agency of the husband for his wife, instructed the jury that this testimony was admitted, "but, of course, it is subject to the burden on the defendant to show that Mr. Williams was acting as agent for his wife, *and that it was binding on her*. Unless that showing is made, or unless there is evidence that would justify that issue going to the jury, of course this evidence should be excluded." The restriction contained in these instructions to the jury was properly put upon the testimony of the witness for the defendant.

5. The evidence upon the controlling issue in the case was conflicting, and the grant or refusal of a new trial was in the discretion of the trial court.

No. 6051.   OCTOBER 15, 1927.

Equitable petition. Before Judge Reed. Pierce superior court. March 26, 1927.

*S. Thomas Memory,* for plaintiff in error.

*James R. Thomas & Son,* contra.

BECK, P. J. On January 20, 1926, Mozelle Williams filed her petition against the Davis-Zirkle Lumber Company, alleging that the defendant was indebted to her in the sum of $425 as rents due her for buildings located upon lands belonging to her in Pierce County, Georgia. The petition was answered by the defendant. Subsequently the defendant undertook to sell, under power of sale, the land and premises on which the buildings referred to were located, and had them advertised for sale. Mrs. Williams, on February 23, 1926, filed her petition in equity to enjoin the sale of the property, and for cancellation of the mortgage or deed to secure debt, under which the defendant was undertaking to sell the property. A temporary injunction was granted by the judge. Both cases came on to be heard at the November term, 1926, of the superior court; whereupon the plaintiff moved that they be consolidated and tried together and at the same time. The court granted an order consolidating the cases, and they were consequently tried together. The jury upon the evidence submitted

found in favor of a permanent injunction and for the cancellation of the security deed, and in favor of the plaintiff the $425 claimed by her for rents. The defendant filed its motion for new trial, and subsequently amended the same. The motion was overruled, and the movant sued out a writ of error.

1. One ground of the motion for a new trial assigns error upon the order by which the two cases were consolidated and tried as one. The exception to that order could not properly be made a ground of the motion for a new trial. If the defendant had desired to preserve his exception to this order, he should have filed exceptions pendente lite, and then assigned error thereon in the bill of exceptions; or he could have excepted to the order in the bill of exceptions, if it had been filed in time. But this was not done; and no exception to the order consolidating the cases is properly before this court for consideration.

2, 3. The rulings in headnotes 2 and 3 require no elaboration.

4. The last ground of the motion for a new trial is as follows: "Because the court in the presence and hearing of the jury stated to them that the evidence of Mr. E. L. Davis, a witness for defendant, as to conversations with Mr. Williams concerning his agency for Mrs. Williams, would be admitted, 'but, of course it is subject to the burden on the defendant to show that Mr. Williams was acting as agent for his wife, *and that it was binding on her.* Unless that showing is made, or unless there is evidence that would justify that issue going to the jury, of course this evidence should be excluded.' Because said ruling by said court was error: (a) Because it did not correctly state the law of Georgia relative to an agency, in that it placed a burden on defendant to show that such agency, if any, was binding on plaintiff, while the law only requires evidence to show the agency, and not that such agency is binding as stated by the court. (b) Because it was not authorized by the evidence and the pleadings. (c) Because it was an erroneous and improper instruction to the jury as to what was placed upon defendant in said case." A ground of a motion for new trial should be complete in itself; and this court can not determine from the statement made in this ground what the evidence of E. L. Davis was, nor how far it was material, nor how far it may have affected the case, under the restrictions put upon the defendant by the part of the charge last quoted above. But

if in the conversations referred to between the husband of plaintiff and Davis anything was said by Mr. Williams which would be binding upon Mrs. Williams, the plaintiff, because the former was the agent of the latter, then the court properly instructed the jury that the burden of proof would be on the defendant to show "that Mr. Williams was acting as agent for his wife." And of course it would have to be shown by the defendant that the statement made by the alleged agent was within the scope of his agency; and the additional instruction that it must appear that it was "binding on her" was not adding any additional burden, because, if the husband was actually agent for his wife and made the statements within the scope of his agency, those statements would be binding on her. The instructions to the jury were proper and not erroneous for any of the reasons assigned.

5. The evidence upon the controlling issues in the case was conflicting, and the grant or refusal of a new trial was in the discretion of the trial court.

*Judgment affirmed. All the Justices concur.*